SULLIVAN & CROMWELL LLP 
 TELEPHONE: 1-212-598-4000 425 Broad Hreat 
 Wer SUCLEROM.coM New York, Neu York 10004-2498 

 September 2, 2025 
 Via ECF 
 The Honorable Loretta A. Preska, 
 United States District Court for the Southern District of New York, 
 500 Pearl Street, 
 New York, NY 10007. 
 Re: Petersen Energia Inversora S.A.U. v. Argentine Republic and 
 YPF S.A., No. 15 Civ. 2739 (LAP); Eton Park Cap. Mgmt. v. 
 Argentine Republic and YPF S.A., No. 16 Civ. 8569 (LAP) 
 Dear Judge Preska: 
 On behalf of the Republic, and in accordance with Rule 2.G of Your 
 Honor’s Individual Practices, I respectfully request that the Court permit limited 
 redaction of individual contact information of non-parties and proprietary pricing 
 _information of a third party contained in Exhibits B, C, D, E, and F of the Declaration 
 ~of Laura-Harris (Petersen ECF Nos. 643-2, 643-3, 643-4, 643-5, 643-6; Eton Park 
 ECF Nos. 567-2, 567-3, 567-4, 567-5, 567-6) and Exhibits K, O, and P to the Joint 
 Status Report (Petersen ECF Nos. 763-11, 763-14, 763-16; Eton Park ECF 
 Nos. 679-11, 679-15, 679-16).! Versions of these documents containing the 
 Republic’s proposed redactions are attached hereto as Exhibits 1-8; unredacted 
 versions of these documents with the Republic’s proposed redactions in highlighting 
 are being concurrently submitted to the Court under seal. Plaintiffs do not oppose 
 the Republic’s request. 
 There is no presumed right of access to documents and information 
 filed in connection with post-judgment discovery disputes. See United States v. 
 Avenatti, 2020 WL 70952, at *2 (S.D.N.Y. Jan. 6, 2020) (Gardephe, J.) 
 The Republic does not seek permission to redact any material from Exhibit B 
 to the Joint Status Report (Petersen ECF No. 643-2; Eton Park ECF No. 679-2). 
 Gilis CO
 saloe UVORDEEED Lo py iw 
 iof7)2s WAL CL AMECLA 

The Honorable Loretta A. Preska -2- 
(“[D]iscovery materials filed with the court in connection with discovery-related 
disputes are not covered by the qualified right of access.” (quoting United States v. 
Smith, 985 F. Supp. 2d 506, 520 (S.D.N. Y. 2013) (Karas, J.) (collecting cases)). The 
Second Circuit has held repeatedly that “the mere filing of a paper or document with 
the court is insufficient to render that paper a judicial document subject to the public 
right of access.” Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 115 (2d Cir. 
2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, 
“the ttem filed must be relevant to the performance of the judicial function and useful 
in the judicial process.” Jd. (quoting Amodeo, 44 F.3d at 145). Here, because the 
limited material sought to be redacted is irrelevant to the parties’ discovery disputes, 
the materials are not judicial documents entitled to a presumption of public access. 
See Giuffre v. Maxwell, -- F 4th -- , 2025 WL 2055148, at *9 (2d Cir. July 23, 2025) 
(“[F]iled material either is or is not a judicial document depending on whether it 
could have a tendency to influence the court in the exercise of its Article III 
powers.”). 
 To the extent the presumption of access applies at all, it would be weak 
because “the resolution of a discovery motion does not require the Court to analyze 
the merits of the parties’ claims or defenses.” Jn re N.Y.C. Policing During Summer 
2020 Demonstrations, 635 F, Supp. 3d 247, 253 (2022) (Gorenstein, M.J.) (internal 
quotation marks omitted). And any such presumption would be that much weaker 
under these circumstances since the purpose of post-trial discovery is not to 
determine the merits of Plaintiffs’ claims and the Republic’s defenses but rather to 
shed light “on the subject of the [Republic’s] assets or their whereabouts” to aid in 
satisfaction of the judgment. Republic of Argentina v. NML Capital, Lid., 573 US. 
134, 139 (2014) (citation omitted). 
 “Cjourts routinely permit” the redaction of “personal email addresses 
and phone numbers of various non-parties” “tn order to protect the privacy interests 
of non-parties.” Eckhart v. Fox News Network, LEC, 2024 WL 4931857, at *3 
(S.D.N.Y. Dec. 2, 2024) (Abrams, J.) (citing Brown v. Maxwell, 929 F.3d 41, 48 
n.22 (2d Cir. 2019)); accord Yador v. Mowatt, 2025 WL 1707616, at *3 (E.D.NLY. 
June 18, 2025) (Komitee, J.) (permitting redaction of “personal phone number, email 
address, or Venmo username”). Also falling into the category of “commonly sealed 
documents” is “pricing information,” particularly when the information belongs to 
a third party. Cumberland Packing Co. v. Monsanto Co., 184 F.R.D. 504, 506 
(E.D.N.Y. 1999) (Nickerson, J.); see also United States v. Amadeo, 71 F.3d 1044, 
1050 (2d Cir. 1995) (“The privacy interests of innocent third parties should weigh 

The Honorable Loretta A. Preska -3- 
heavily in a court’s balancing equation.” (alterations and internal quotation marks 
omitted)), There is no reason to stray from these well-traveled paths here. 
 For the foregoing reasons, the Republic respectfully asks the Court to 
permit continued redaction of the material identified in the documents submitted 
under seal herewith, specifically, (i) individual contact information of non-parties, 
and (ii) proprietary pricing information of a third party. 
 Respectfully, 
 /s/ Robert J. Giuffra, Ir. 
 Robert J. Giuttra, Jr. 

cc: Counsel of Record (via ECF)